**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

RONALD DEAN EDWARDS,                    §
                                        §
        *Plaintiff,*                    §
                                        §
v.                                      §        CIVIL ACTION H-18-4000
                                        §
STATE OF TEXAS,                         §
                                        §
        *Defendant.*                    §

### MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Dean Edwards, a pretrial detainee in custody of the Harris County Sheriff's Office, filed this *pro se* section 1983 lawsuit seeking damages for mental anguish caused by his current detention. Having screened this lawsuit as required by section 1915, the Court DISMISSES this case for the reasons that follow.

### *Background and Claims*

Plaintiff states that on September 29, 2018, he was placed "in jail for the same crime twice." He seeks damages for mental anguish.

Because plaintiff does not identify the two offenses made the basis of his lawsuit, the Court has examined his current criminal charges and past criminal history. Although plaintiff's criminal history is extensive, the Court need only address current or prior charges and convictions related to his detention as of September 29, 2018. Public on-line records for the Harris County Sheriff's Office show that plaintiff has been in custody since at least September 8, 2018, on pending charges of burglary of a vehicle and assault with bodily

injury. As to the pending assault charges, plaintiff is charged with assault causing bodily injury to complainant Lashan Burton under Cause Number 2223590 in Harris County Criminal Court at Law No. 1. Plaintiff was arrested on September 8, 2018, and remains in pretrial custody pending disposition of the assault charges. Plaintiff's criminal records also show that he was convicted on June 22, 2018, of assault causing bodily injury as to a different complainant under Cause Number 1585875 in the 208th District Court of Harris County, Texas. These two instances of assault causing bodily injury represent two separate offenses, and plaintiff was not jailed twice for the same assault offense.

The Harris County District Clerk's records further show that, in addition to the pending assault charges naming Lashan Burton as complainant, plaintiff was convicted of threatening Lashan Butron with an axe on June 5, 2017. Although Lashan Burton was named as the complainant in at least two of plaintiff's criminal charges or convictions, the charges reflected separate offenses on different dates. The records show no other pending or prior charges for burglary of a vehicle.

### Analysis

#### Legal Standards

Because plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under section

1915(e)(2).  Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact.  *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

*Heck Bar*

Plaintiff's claims for monetary damages are barred at this time under well established United States Supreme Court precedent.  In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that a claim that attacks the constitutionality of a conviction or imprisonment is not cognizable under section 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*, 512 U.S. at 486–87; *see also Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that claims asserted in a section 1983 action, whether for damages, declaratory judgment, or injunctive relief, that would imply the invalidity of a conviction, are not cognizable).

Plaintiff's request here to have this Court review the validity of his current pretrial detention would, if successful, necessarily imply the invalidity of his detention. Thus, plaintiff's claims are not cognizable in this case until, and unless, he has satisfied the conditions set forth in *Heck*. Plaintiff's pleadings do not show that his current confinement has been successfully challenged through state or federal habeas proceedings. As a result, plaintiff does not meet the *Heck* requirements at this time and his civil claims must be dismissed. *See Heck*, 512 U.S. at 487–88.

Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*No Factual Basis*

Even assuming plaintiff's claims were not barred by *Heck*, plaintiff alleges no factual basis for his claim. Plaintiff's criminal history on file with the Harris County District Clerk's Office is lengthy; however, this Court's careful review of his numerous records fails to show that, on September 29, 2018, he was in jail twice for the same offense. Accordingly, plaintiff's allegations would fail to raise a viable claim for which relief could be granted under section 1983.

### *Conclusion*

Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g), premised on the *Heck* bar.

The Clerk is to provide a copy of this order to all parties, to TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on October 31, 2018.

Gray H. Miller
United States District Judge